## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

| | |
|---|---|
| NARGIS SULTANA,<br>        Appellant, | DOCKET NUMBER<br>DC-0752-20-0104-I-1 |
| v. | |
| DEPARTMENT OF COMMERCE,<br>        Agency. | DATE: July 24, 2024 |

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

Nargis Sultana, Cary, North Carolina, pro se.

Jennifer Dieterle, Esquire, and William Horrigan, Esquire, Alexandria, Virginia, for the agency.

### BEFORE

Cathy A. Harris, Chairman
Raymond A. Limon, Vice Chairman
Henry J. Kerner, Member*

*Member Kerner did not participate in the adjudication of this appeal

### FINAL ORDER

The appellant has filed a petition for review of the initial decision, which affirmed the agency's action suspending her for 30 days. For the reasons set forth

---

[1]A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

below, the appellant's petition for review is DISMISSED as untimely filed without good cause shown.  5 C.F.R. § 1201.114(e), (g).

## BACKGROUND

The agency issued a notice of proposed removal charging the appellant, a Patient Examiner, with 18 specifications of improper conduct.  Initial Appeal File (IAF), Tab 9 at 97-99.  The deciding official sustained all the specifications and the charge, but he mitigated the penalty to a 30-day suspension.  *Id*. at 28.

The appellant filed a Board appeal of her suspension.  IAF, Tab 1.  She did not request a hearing.  *Id*. at 2.  In her March 30, 2020 initial decision, the administrative judge sustained the charge, found that the penalty promoted the efficiency of the service and was reasonable, and that the appellant failed to establish her affirmative defense.  IAF, Tab 23, Initial Decision (ID) at 6-19.  Accordingly, she affirmed the agency's action.  ID at 19.  In the initial decision, the administrative judge specifically stated that the initial decision would become final on May 4, 2020, unless a petition for review was filed by that date.  *Id*.

The appellant filed a May 6, 2020 petition for review.  Petition for Review (PFR) File, Tab 1.  Among other things, the Clerk of the Board informed the appellant that her petition for review of the March 30, 2020 initial decision was untimely filed because it was not received in the Clerk's office or postmarked on or before May 4, 2020.  PFR File, Tab 2 at 1.  The Clerk explained that the Board's regulations required the appellant to file a motion to accept the filing as timely and/or waive the time limit for good cause, on or before May 23, 2020.  *Id*. at 1-2.  In its response to the petition for review, the agency contended that the appellant's petition for review should be dismissed as untimely filed without good cause shown for the delay.  PFR File, Tab 3 at 4, 7-10.  The appellant filed a reply to the agency's response, including the required motion to accept the filing as timely and/or to waive the time limit, on June 8, 2020.  PFR File, Tab 4.

**DISCUSSION OF ARGUMENTS ON REVIEW**

A petition for review generally must be filed within 35 days after the date of the issuance of the initial decision or, if the party filing the petition shows that the initial decision was received more than 5 days after it was issued, within 30 days after the party received the initial decision. *Palermo v. Department of the Navy*, 120 M.S.P.R. 694, ¶ 3 (2014); 5 C.F.R. § 1201.114(e).

The initial decision informed the appellant that May 4, 2020 was the last day on which she could file a petition for review with the Board. ID at 19. The appellant filed her petition for review 2 days later, on May 6, 2020. PFR File, Tab 1. The Clerk of the Board subsequently informed the appellant that her petition for review was untimely filed and instructed her to submit evidence and argument showing that the petition for review was timely filed or that good cause existed for the delay in filing. PFR File, Tab 2 at 1-2.

The Board will waive the filing deadline for a petition for review only upon a showing of good cause for the untimely filing. *Palermo*, 120 M.S.P.R. 694, ¶ 4; 5 C.F.R. §§ 1201.113(d), 1201.114(f). The party who submits an untimely petition for review has the burden of establishing good cause for the untimely filing by showing that she exercised due diligence or ordinary prudence under the particular circumstances of the case. *Palermo*, 120 M.S.P.R. 694, ¶ 4. To determine whether a party has shown good cause, the Board will consider the length of the delay, the reasonableness of her excuse and the party's showing of due diligence, whether she is proceeding pro se, and whether she has presented evidence of the existence of circumstances beyond her control that affected her ability to comply with the time limits or of unavoidable casualty or misfortune which similarly shows a causal relationship to her inability to timely file her petition. *Id*.; *Moorman v. Department of the Army*, 68 M.S.P.R. 60, 62-63 (1995), *aff'd*, 79 F.3d 1167 (Fed. Cir. 1996) (Table). To establish that an untimely filing was the result of an illness, the appellant must: (1) identify the time period during which she suffered from the illness; (2) submit medical evidence showing that she

suffered from the alleged illness during that time period; and (3) explain how the illness prevented her from timely filing her appeal or a request for an extension of time. *Lacy v. Department of the Navy*, 78 M.S.P.R. 434, 437 (1998). The Clerk's notice informed the appellant of these requirements. PFR File, Tab 2 at 7 n.1.

The appellant does not allege that she failed to receive the initial decision or that she received it more than 5 days after it was issued She asserted in her petition for review that she was unable to timely file her petition for review because of a family emergency, i.e., her 5- year-old daughter had been sick with high fever and cold. PFR File, Tab 1 at 4. With her reply to the agency's response to her petition for review, the appellant included the Motion to Accept Filing as Timely and/or to Ask the Board to Waive or Set Aside the Time Limit that the Clerk of the Board instructed her to file. PFR File, Tab 4 at 12-13. She reiterates that her daughter had been sick, and had a fever, but she does not identify when that occurred, or provide any further details concerning her daughter's illness. PFR File, Tab 4 at 12. She also claims that her 75-year-old father had been admitted to the emergency room (ER). *Id.* She states that she "was worried about [her] daughter and [her] father and could not concentrate or focus." *Id.* The appellant enclosed a letter from a hospital indicating that her father was admitted on February 28, 2020, and was, as of the March 10, 2020 date of the letter, admitted and in critical condition in the hospital's Cardiac Intensive Care Unit. *Id.* at 14. She also enclosed a document indicating that, without any further detail, her father had a "Hospital Visit" from April 27 to May 9, 2020, but that he also had a "Home Care Visit" on May 3, 2020. *Id.* at 16.

Other than the general assertion that she was worried, the appellant has not described how the illnesses of her family members prevented her from filing her petition for review, and the evidence she submits does not account for the period of untimeliness. Thus, the appellant's assertion does not establish good cause for the filing delay. *See Pine v. Department of the Army*, 63 M.S.P.R. 381, 383 (1994) (finding that a general claim of a family member's illness and general

family difficulties that does not specifically account for the period of untimeliness does not establish good cause for waiver of the filing deadline); *see also Alford v. Office of Personnel Management*, 108 M.S.P.R. 414, ¶¶ 10-11 (2008) (finding that a doctor's statement that the appellant was under his care did not establish good cause for her untimely petition for appeal based on illness, when the statement contained no explanation as to how the medical condition prevented her from filing a timely appeal).

Although the 2-day delay is arguably minimal, regardless of how minimal the delay, the Board has long held that it will not waive its timeliness requirements in the absence of a showing of good cause, even in the case of a pro se appellant. *See Gonzalez v. Department of Veterans Affairs*, 111 M.S.P.R. 697, ¶ 11 (2009) (stating that the Board has consistently denied a waiver of the filing deadline if a good reason for the delay is not shown, even when the delay is minimal and the appellant is pro se); *Stromfeld v. Department of Justice*, 25 M.S.P.R. 240, 241 (1984) (dismissing a petition for review as untimely filed when it was filed 1 day late, but the appellant offered no reasonable explanation for the delay). Thus, even considering the appellant's pro se status, and the length of the delay, we find that the appellant has not presented evidence of due diligence or the existence of circumstances beyond her control that affected her ability to file her appeal such that we should waive the filing deadline. *Gonzalez*, 111 M.S.P.R. 697, ¶ 11.

Accordingly, we dismiss the petition for review as untimely filed. This is the final decision of the Merit Systems Protection Board regarding the timeliness of the petition for review. The initial decision remains the final decision of the Board regarding the appellant's 30-day suspension.

## NOTICE OF APPEAL RIGHTS[2]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

---

[2] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**.  This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination.  If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision.  5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision.  If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any

requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** after your representative receives this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C. 20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C. 20507

**(3) Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**. This option applies to you only if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's

disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[3] The court of appeals must <u>receive</u> your petition for review within **60 days** of the <u>date of issuance</u> of this decision. 5 U.S.C. § 7703(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

[3] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017. The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017. Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.


FOR THE BOARD:

*Gina K. Grippando*

_____

Gina K. Grippando
Clerk of the Board

Washington, D.C.